UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAYNE BRIDGEMAN,<br>                           Petitioner,<br>v.<br>SHERMAN, Warden, et al.,<br>                          Respondents. | Case No.: 14cv2723-BAS (DHB)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 15]; AND**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 18]** |

      On November 17, 2014, Michael Dayne Bridgeman ("Petitioner" or "Bridgeman"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.)[1] Petitioner seeks federal habeas corpus relief from his state court conviction in which he was found guilty of assault by means likely to produce great bodily injury and dissuading a witness by force or threat. (*Id.* at 2.) In

---

[1]     Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic case filing ("ECF") system, except for lodgments.

1

ground one, Petitioner alleges that the assault victim named in the amended information charging Petitioner should have been changed to another name. (*Id.* at 3.) In ground two, he alleges the trial court abused its discretion by denying three motions for new counsel, thereby violating Petitioner's Sixth Amendment right to counsel. (*Id.* at 6-7.)

Prior to filing the instant Petition, in 2012, Bridgeman filed a Petition for Writ of Habeas Corpus in this district seeking relief from the same conviction. (Lodgment No. 4.) On May 7, 2014, the Honorable Roger T. Benitez denied Bridgeman's prior federal habeas petition on the merits and denied a certificate of appealability. (Lodgment No. 8.)

Pending before the Court is Respondent's motion to dismiss, filed on March 16, 2015. (ECF No. 15.) Respondent's primary contention is that dismissal is proper because the Petition is an unauthorized second or successive petition.[2] (ECF No. 15-1 at 4:11-5:24.) On April 28, 2015, Petitioner filed an opposition to Respondent's motion to dismiss. (ECF No. 18.)

After a thorough review of the Petition, Respondent's motion to dismiss, Petitioner's opposition, all supporting documents, and the Court's records relating to Petitioner's prior habeas petition[3], and for the reasons set forth below, the Court hereby **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

/ / /
/ / /
/ / /

---

[2]  Respondent also contends dismissal is warranted because the Petition is barred by the statute of limitations and contains an unexhausted claim. (ECF No. 15-1 at 5:25-6:11.) However, because the Court recommends dismissal of the Petition for lack of jurisdiction, *i.e.*, because it is an improper second or successive petition, the Court declines to address Respondent's alternative arguments.

[3]  The Court takes judicial notice of the pleadings and court orders from Petitioner's prior federal habeas corpus proceedings. *See Asdar Grp. v. Pillsbury, Madison and Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996).

## I. BACKGROUND[4]

After a jury convicted Petitioner of assault by means likely to produce great bodily injury and dissuading a witness by force or threat, the state trial court sentenced Petititioner to eleven years in state prison. During the trial proceedings, Petitioner contended that his attorney, Bruce Kolter, was not providing adequate representation and Petitioner made three motions for new appointed counsel. The trial court denied each of his motions. (Lodgment No. 1 at 3-6.)

Following his conviction, Petitioner filed a timely appeal in which he asserted that the trial court abused its discretion in denying his three motions for new counsel, thereby violating his Sixth Amendment right to counsel. (*Id.* at 2.) On August 11, 2011, the California Court of Appeal affirmed the judgment of the trial court. (*Id.*).

Bridgeman then petitioned the California Supreme Court for review, arguing the same grounds. (Lodgment No. 2.) On October 19, 2011, the California Supreme Court summarily denied Bridgeman's petition for review. (Lodgment No. 3.)

On January 20, 2012, Bridgeman filed a federal habeas petition in the Southern District of California, Case No. 12cv212-BEN (PCL). On March 12, 2012, he filed an amended petition arguing that he was provided ineffective assistance of counsel in violation of the Sixth Amendment, and that the trial court abused its discretion when it denied his three motions for new counsel. (Lodgment No. 4.) On December 26, 2012, the Honorable Peter C. Lewis issued a Report and Recommendation recommending that both grounds in Bridgeman's amended petition be denied. (Lodgment No. 6.) On May 7, 2014, Judge Benitez adopted Judge Lewis' Report and Recommendation and denied the amended petition. (Lodgment No. 8.)

On November 17, 2014, Petitioner filed the instant Petition in which he challenges the same conviction as his prior federal habeas petition. (ECF No. 1.) The Petition raises

---

[4] Because the factual history relating to Petitioner's crimes are not germane to the issues presently before the Court, the Court focuses solely on the procedural history.

the same claims presented in his prior petition and raises an additional claim that was not previously presented. Specifically, Petitioner reasserts that he was provided ineffective assistance of counsel in violation of his Sixth Amendment right to counsel and that the trial court abused its discretion when it denied his three motions for new counsel. He also raises for the first time an argument that the assault victim named in the amended information charging Petitioner should have been changed to another name. (*Id.* at 3.) Respondent filed a motion to dismiss the Petition on March 16, 2015. (ECF No. 15.) On April 28, 2015, Petitioner filed an opposition to Respondent's motion to dismiss. (ECF No. 18.)

## II. DISCUSSION

### A. The Petition is an Improper Second or Successive Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). By enacting AEDPA, Congress "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam); *see also Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997) (per curiam) (second or successive habeas petitions are subject to AEDPA's "extremely stringent" requirements).

AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). This "gatekeeping" function requires "that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2).[5] Under that provision, a

---

[5]   28 U.S.C. § 2244(b)(2) states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

successive application is permissible only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(2)).

"Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Id.* (citing 28 U.S.C. § 2244(b)(3)) (emphasis added); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (emphasis added); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). A three-judge panel of the court of appeals then has thirty days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). 28 U.S.C. § 2244(b)(3)(B).

Absent authorization from the appropriate court of appeals, second or successive habeas petitions filed in the district court shall be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 153 (where petitioner neither sought nor received authorization from the court of appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). "'When the AEDPA

---

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'" *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (quoting *Libby v. Magnusson*, 177 F.3d 43, 46 (1st Cir. 1999)).

Based on the foregoing legal standards, the issue before the Court is whether the instant Petition is "second or successive" and, thus, subject to dismissal. "Whether a habeas application is deemed second or successive can be critical because 'AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications.'" *United States v. Lopez*, 534 F.3d 1027, 1033 (9th Cir. 2008) (quoting *Cooper*, 274 F.3d at 1272-73). However, "AEDPA does not define the terms 'second or successive.'" *Hill v. Alaska*, 297 F.3d 895, 897 (9th Cir. 2002). "That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Id.* at 898 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)). "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper*, 274 F.3d at 1273 (citing *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *United States v. Barrett*, 178 F.3d 34, 45 (1st Cir. 1999); *Vancleave v. Norris*, 150 F.3d 926, 928-29 (8th Cir. 1998)). A second-in-time habeas petition which attacks a prisoner's underlying conviction for the second time is a "prime example of a 'second or successive' petition under § 2244(b)." *Hill*, 297 F.3d at 899.

In *Burton*, the Supreme Court concluded that the petitioner had filed an improper second or successive habeas petition. 549 U.S. at 153. The petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it." *Id.*

Here, the instant Petition is an improper second or successive habeas petition because Petitioner is seeking to challenge the same conviction that he challenged in his

prior federal habeas petition, and there is no indication that Bridgeman has obtained authorization, or even requested authorization, from the Ninth Circuit to file a second or successive petition.

It matters not that Petitioner is now also asserting a new legal claim that was not presented in his prior federal habeas proceedings.  "[I]f a petitioner seeks to assert a claim that was not presented in [his] first habeas application, [he] must move for authorization from [the court of appeals] to file a second or successive application, and the motion will be denied unless it makes a prima facie showing that it satisfies the requirements of one of [the] narrow exceptions" set forth in 28 U.S.C. § 2244(b)(2).  *Lopez*, 534 F.3d at 1033 (citing *Cooper*, 274 F.3d at 1273; 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(a), (b)(3)).  "If the petitioner does not first obtain [the court of appeals'] authorization under § 2244(b)(3)(A), the district court lacks jurisdiction to consider the second or successive application." *Id.* (citing *Burton*, 549 U.S. 147).

Accordingly, the Petition should be dismissed.

**B.**     **Petitioner's Request for Appointment of Counsel**

In his opposition to Respondent's motion to dismiss, Petitioner appears to request appointment of counsel.  (ECF No. 18 at 1.)   Petitioner previously filed a motion for appointment of counsel which the Court denied.  (ECF Nos. 8, 10.)  Petitioner presents no new evidence or argument that would alter the Court's conclusion that appointment of counsel is unwarranted.  Accordingly, the Court **DENIES** Petitioner's request for appointment of counsel.

### III.  CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge under 28 §636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California.  For all the foregoing reasons, Petitioner's renewed request for appointment of counsel is **DENIED**.  Additionally, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**.

///

1  **IT IS FURTHER RECOMMENDED** that the Court issue an Order (1) approving and adopting this Report and Recommendation, and (2) directing that judgment be entered dismissing the Petition.

**IT IS HEREBY ORDERED** no later than **September 16, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 28, 2015**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 17, 2015

DAVID H. BARTICK
United States Magistrate Judge