1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MICHAEL DAYNE BRIDGEMAN, | Case No.  14-cv-02723-BAS(DHB) |
| Petitioner, | **ORDER:** |
| v. | **(1)OVERRULING PETITIONER'S OBJECTIONS (ECF NOS. 27, 31, 33);** |
| JAMES D. DUTTON, ET AL., | **(2)APPROVING AND ADOPTING REPORT AND RECOMMENDATION (ECF NO. 22);** |
| Respondents. | **(3)GRANTING MOTION TO DISMISS (ECF NO. 15); AND** |
| | **(4)DENYING AS MOOT MOTION TO APPOINT COUNSEL (ECF NO. 29)** |

11
12
13
14
15
16
17
18
19
20
21
22

   On November 17, 2014, Petitioner Michael Dayne Bridgeman ("Petitioner"),

23

a state prisoner proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ

24

of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (ECF No. 1 ("Pet.").)

25

As ground one, Petitioner argues that "[t]he trial court imposed an ille[g]al charge."

26

(Pet. at 3.)  Petitioner appears to take issue with: (1) the fact that the prosecutor moved

27

to amend the Information to change the victim's name, but it never occurred; and (2)

28

the fact that his expert witness testified "out of order in the middle [of] the

prosecution's case." (*Id.*)  As ground two, Petitioner argues that "[t]he Trial Court Abused its Discretion in Denying [his] Motion for Appointment of New Counsel (Marsden Motion) and [his] Sixth Amendment Right to Cou[n]sel." (*Id.* at 6.)

In 2012, Petitioner filed a Petition for Writ of Habeas Corpus in this district seeking relief from the same conviction. (ECF No. 16 at Lodgment No. 4.)  On May 7, 2014, the Honorable Roger T. Benitez denied Petitioner's prior petition on the merits and denied a certificate of appealability. (*Id.* at Lodgment No. 8.)

Respondent now moves to dismiss this Petition because it is an unauthorized second or successive petition, it is barred by the statute of limitations, and it contains an unexhausted claim. (ECF No. 15.)  U.S. Magistrate Judge David H. Bartick filed a Report and Recommendation ("R&R") recommending that the Motion to Dismiss be granted because it is a second or successive petition and Petitioner has not obtained permission to file the Petition. (ECF No. 22.)  Alternatively, the R&R recommends granting the Motion to Dismiss because the Petition is untimely and presents an unexhausted claim. (*Id.*)  Petitioner filed Objections (ECF No. 27), Supplemental Objections (ECF No. 31), and Second Supplemental Objections (ECF No. 33) to the R&R, and moves for appointment of counsel (ECF No. 29).

Having reviewed the matter de novo, the Court **OVERRULES** Petitioner's objections (ECF Nos. 27, 31, 33), **APPROVES** and **ADOPTS** the R&R in its entirety (ECF No. 22), **GRANTS** the Motion to Dismiss (ECF No. 15), and **DENIES AS MOOT** Petitioner's Motion for Appointment of Counsel (ECF No. 29).

## I.     LEGAL STANDARD

The Court reviews *de novo* those portions of the Report to which objections are made.  28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge.) "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401-IEG(DHB), 2013 WL 4517861, at *1 (S.D. Cal. August. 15, 2013) (citing cases). In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, *id*.; Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Court for N. Dist. Of Cal.*, 501 F.3d 5, 7 (9th Cir. 1974)).

## II.    ANALYSIS

In this case, Petitioner has filed several "objections" to the R&R. (ECF Nos. 27, 31, 33.) However, the objections merely re-state his arguments that he should have been granted new counsel and that he was illegally convicted. In his Supplemental Objections, he appears to add additional claims that the jury was

incorrectly instructed to take the expert's word "like anybody elses" and all the prosecution witnesses perjured themselves. (ECF No. 31 at 2.) However, nowhere does Petitioner explain why Magistrate Judge Bartick's recommendation that this petition be dismissed because it is an unauthorized successive petition is wrong. He cannot do so. As explained in Magistrate Judge Bartick's thoroughly well-reasoned R&R, the Court lacks subject matter jurisdiction over this Petition. *See* 28 U.S.C. §2244(b); *Burton v. Stewart*, 549 U.S. 147, 152-57 (2007) (per curiam); *Hill v. Alaska*, 297 F.3d 897, 899 (9th Cir. 2002) (a second-in-time habeas petition which attacks a prisoner's underlying conviction for the second time is a "prime example" of a "second or successive petition" under § 2244(b)); *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) ("[A] new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition."). In addition, as Judge Bartick explained, the Petition is untimely and presents an unexhausted claim. *See* 28 U.S.C. §§ 2244(d)(1), 2254(b).

Because Petitioner has failed to object to the reasons underlying Magistrate Judge Bartick's recommendation, and because Magistrate Judge Bartick's reasoning and conclusion are sound, this Court **OVERRULES** Petitioner's objections (ECF Nos. 27, 31, 33), **APPROVES** and **ADOPTS** the R&R in its entirety (ECF No. 22), and **GRANTS** Respondent's Motion to Dismiss (ECF No. 15).

## III.   CONCLUSION & ORDER

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF Nos. 27, 31, 33), **APPROVES** and **ADOPTS** the R&R in its entirety (ECF No. 22), and **GRANTS** the Motion to Dismiss (ECF No. 15). Because the Court dismisses the Petition, the Court **DENIES AS MOOT** Petitioner's Motion for Appointment of Counsel. (ECF No. 29.) The Court further **ORDERS** the Clerk of Court to enter judgment dismissing the Petition.

Unless a circuit justice or judge issues a certificate of appealability, an appeal by a state prisoner seeking a writ of habeas corpus may not be taken to the court of

appeals.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate of appealability may issue only if the applicant makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Here, Petitioner has not made the requisite showing.  Because reasonable jurists would not find that the Petition should have been resolved in a different manner, the Court **DECLINES** to issue a certificate of appealability.  *See Slack*, 529 U.S. at 484.

       **IT IS SO ORDERED.**

**DATED:  February 26, 2016**

Hon. Cynthia Bashant
United States District Judge

14cv2723